UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDY WIMBERLY,

    Plaintiff,

v.                            CASE NO. 8:12-CV-1427-T-17TGW

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 16    Report and Recommendation
Dkt. 17    Objection

In this case, Plaintiff Judy Wimberly seeks judicial review of the denial of her claim for supplemental security income payments. The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that the decision of the Commissioner of Social Security be affirmed, as the decision is supported by substantial evidence and contains no reversible error.

The Court has independently reviewed the pleadings and the transcript. Plaintiff Wimberly has filed Objections to the Report and Recommendation.

I. Standard of Review

A. Social Security

Case No. 8:12-CV-1427-T-17TGW

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390, 401 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). " 'Substantial evidence' is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. See Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic, for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." Bridges v. Bowen, 815 F.2d 622 (11th Cir. 1987), Lamb, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. Bowen v. Heckler, 748 F.2d 629, 634 (11th Cir. 1984).

B. Report and Recommendation

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made. The District Court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge, or may receive further evidence, or may recommit the matter to the magistrate judge with instructions.

II. Discussion

A. Duty to Develop the Record

Plaintiff Wimberly contends that the ALJ erred by failing to request the opinions

Case No. 8:12-CV-1427-T-17TGW

of treating physicians Drs. Dias and Khan, and as such failed to properly develop the record.  Plaintiff argues that the Court should reject the recommendation of the Magistrate Judge, and remand this matter for further administrative proceedings.

In the Report and Recommendation, the assigned Magistrate Judge recommended that decision of the ALJ be affirmed.  The Magistrate Judge concluded the ALJ did not err in failing to request medical source statements from Plaintiff's treating physicians Taha Dias, M.D. and Saqib Khan, M.D. , stating that "the burden was on [Plaintiff] and her lawyer, not the law judge, to obtain an opinion from Drs. Dias and Khan." (Dkt. 16, p. 6).

In this case, Plaintiff Wimberly filed her application on March 5, 2009, alleging Plaintiff was disabled since March 5, 2009.  The Court notes that Plaintiff Wimberly has been represented by counsel since March 13, 2009.  (Dkt. 12-4, p. 2).

The ALJ has a basic duty to develop a full and fair record.  Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); 20 C.F.R. Sec. 416.912(d)(complete medical history for twelve months prior to month in which application is filed).  The ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  In considering whether a claimant is disabled, the ALJ must consider the evidence as a whole, including "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by (a spouse)...., and (4) the claimant's age, education and work history." DePaepe v. Richardson, 464 F.2d 92, 94 (5th Cir. 1972).

Plaintiff Wimberly, as the claimant, has the burden of proving she is disabled, and is responsible for producing evidence to support her disability claim.  Ellison v. Barnhart, 355 F.3d 1272, 1276-77 (11th Cir. 2003); 20 C.F.R. Sec. 416.912(a) and (c).

Case No. 8:12-CV-1427-T-17TGW

Since Plaintiff Wimberly was represented by counsel, the burden was on Plaintiff and her counsel to obtain an opinion from Drs. Dias and Khan. Osborn v. Barnhart, 194 Fed. Appx. 654, 668-69 (11th Cir. 2006).

The assigned Magistrate Judge noted that current regulations provide that, if there is an inconsistency or insufficiency in the evidence, the law judge can consider various ways to resolve that problem, which, at the law judge's choice, may, or may not, involve recontacting a doctor. 20 C.F.R. Sec. 416.920b(c)(1).

Plaintiff has not established that the ALJ failed to develop the record, or that the alleged failure resulted in an evidentiary gap amounting to clear prejudice. After consideration, the Court overrules Plaintiff's objection as to this issue.

B. Weight Accorded to Opinion of Physician Assistant Tyree

Plaintiff argues that the Magistrate Judge erred in his recommendation that the ALJ did not err in according "little weight" to the opinion of Mary Tyree, P.A. Plaintiff argues that the Court should reject the recommendation of the Magistrate Judge, and remand this matter for further administrative proceedings.

Plaintiff argues that, to the extent that P.A. Tyree relied on the subjective complaints of Plaintiff, P.A. Tyree's reliance was not erroneous, as a patient's subjective complaints are an essential diagnostic tool, and P.A. Tyree's opinion is supported by objective medical findings, including x-rays, joint tenderness and positive straight leg raises.

The following factors are to be considered when evaluating medical opinions from other sources:

Case No. 8:12-CV-1427-T-17TGW

> (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) any other factors that tend to support or refute the opinion.

20 C.F.R. Sec. 416.927(d); SSR 06-03p.

P.A. Tyree submitted an RFC Questionnaire dated October 21, 2010. (Dkt. 12-8, pp. 30-31). The assigned Magistrate Judge found that the ALJ's explanation provided good cause for discounting the opinion of this medical source. (Dkt. 16, p. 10).

Pursuant to 20 C.F.R. Sec. 416.913(a), a physician's assistant is excluded from the list of "acceptable medical sources" whose opinions are to be considered in determining the existence of an impairment. Pursuant to 20 C.F.R. Sec. 416.913(d)(1), the ALJ may consider evidence from "other sources" in determining the severity of a claimant's impairment. However, the ALJ found that the treatment notes of Mary Tyree, P.A. did not support the severity of the limitations suggested in the physical residual functional capacity assessment dated October 21, 2010. The treatment notes of May 5, 2010 and August 11, 2010 revealed a normal back, unremarkable extremities, no muscle weakness, and no neck, back or shoulder pain. The ALJ noted that the records from September 14, 2010, which revealed degenerative disc disease of the cervical spine, cervical scoliosis and spinal stenosis, reported no limitation in motion with regard to the musculoskeletal system and no muscle weakness; Mary Tyree, P.A. reported no limitations regarding physical exertion, postural activities, sitting, standing or walking at that time. The ALJ further noted that there was little or nothing in the records suggesting decreased grip strength or limitations in fine manipulation; on September 14, 2010 and October 19, 2010, Plaintiff reportedly had no muscle weakness. The ALJ further notes that the RFC assessment is completely inconsistent

Case No. 8:12-CV-1427-T-17TGW

with the examiner's report which revealed "normal" physical consultative examination (Exhibits 4F, 12F, 13F, 15F).

Plaintiff argues that Mary Tyree's examinations revealed scoliosis, sacroiliac joint tenderness to palpation, and positive straight leg raise on the right side, for which Mary Tyree prescribed Hydrocet, Doxepin and Metoclopramide HCL. A diagnosis alone is not sufficient to establish functional limitations. Functional limitations determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

In this case, at Step 4 the ALJ determined that Plaintiff had the residual functional capacity to perform light work with postural limitations, a sit/stand option and a limitation to performing one to four step tasks. (Dkt. 12-2, p. 21). The assigned Magistrate Judge notes that, in order to prevail, Plaintiff must show Plaintiff had functional limitations from Plaintiff's conditions that were not included in the ALJ's determination of Plaintiff's residual functional capacity. X-rays, MRI test results and NCV test results which show the presence of degenerative disc disease, spinal stenosis, and scoliosis do not demonstrate Plaintiff's functional limitations.

The Court concludes that the ALJ had good cause to accord little weight to the opinion of Mary Tyree, P.A., and the ALJ provided specific reasons for his decision to do so. The assigned Magistrate Judge did not err in his recommendation. The Court overrules Plaintiff's objection as to this issue.

C. Step 5 Determination

Plaintiff argues that the ALJ's errors in developing the record and in determining Plaintiff's RFC and credibility render the Step 5 determination unsupported by substantial evidence. Plaintiff further argues that the ALJ's hypothetical question did not include Mary Tyree's opinion that Plaintiff "needs a job which permits shifting

Case No. 8:12-CV-1427-T-17TGW

positions at will from sitting, standing or walking," can sit for two hours total in an eight-hour day, can stand/walk for two hours in an eight-hour day, and needs to take two to three unscheduled breaks per hour.

The Court has found that the ALJ did not err in failing to develop the record, and in according little weight to the opinion of Mary Tyree, P.A. as to Plaintiff's RFC.

The assigned Magistrate Judge found the ALJ explained his reasons for declining to fully credit Plaintiff's subjective complaints. (Dkt. 16, pp. 15-16). The assigned Magistrate Judge found that the ALJ's explanation was sufficient to discount Plaintiff's complaints of incapacitating pain. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that includes all of the claimant's impairments. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). In this case, the ALJ expressly discredited Plaintiff's subjective testimony to the extent it did not conform to the objective medical evidence. After considering Plaintiff's testimony, along with the objective medical evidence, the ALJ restricted Plaintiff to light work with postural limitations, a sit/stand option, and a limitation to performing one to four step tasks. The ALJ's hypothetical to the VE included all relevant limitations the ALJ found in his RFC assessment. (Dkt. 12-2, pp. 54-55).

The ALJ did not err in excluding the limitations described by Plaintiff but not supported by objective medical evidence from the hypothetical posed to the VE. See Heppell-Libsansky v. Commissioner, 170 Fed. Appx. 693, 699 (11th Cir. 2006). The Court overrules Plaintiff's objection as to this issue. Accordingly, it is

**ORDERED** that Plaintiff's objections are **overruled**. The Report and

Case No. 8:12-CV-1427-T-17TGW

Recommendation is **adopted and incorporated**. The Court **affirms** the decision of the Commissioner. The Clerk of Court shall enter a final judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security, and against Plaintiff Judy Wimberly, and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this /s/ day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record